Minshall, J.
(dissenting). The giving of the right to appeal in a certain time from the rejection of a will offered for probate, would seem a very useless provision, if, as held, the will may be again propounded at any time thereafter, from which an appeal may then be taken if again rejected. The object of the statute giving the appeal was not, as I think, merely to add a new remedy, but to obviate the mischief under the former practice, by making the action of the court refusing the probate of the will, a finality, unless appealed from in the time limited — the former practice having resulted from the fact, that there was no appeal from the rejection of a will when offered for probate.
It is true that parties without actual notice may thereby be concluded; but they are only such as may derive title under the will, and not otherwise, as the heirs of the testator, if residents of the state, must have notice, and also the executor named in the will.
The right to make a will is derived from statute, it does not exist at common law. And I do not perceive how those who derive their claims from a statute, can be heard to complain of what is given them by statute, or of the terms upon which the statutory right is given. Moreover, the beneficiaries of the will are, as I think, represented bjr the executor in such matters; and, for such reason, the statute requires notice to him; and such notice is all they can require. The construction given the statute leaves the controversy as to a rejected will, open for an indefinite time, and must suspend or embarrass the settlement of the estates of deceased persons.